IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANGELA M. CHAVEZ                                                                  PLAINTIFF

           v.                           Civil No. 13-2225

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Angela Chavez, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed for DIB on June 7, 2011, alleging an onset date of May 31, 2011, due to hypertension, frequent urination, lower back pain, and leg numbness. Tr. 99-102, 124-125, 134-135, 151-152, 161, 163, 168, 170. The Commissioner denied Plaintiff's applications initially and on reconsideration. Tr. 48-50, 55-56. An administrative hearing was held on May 17, 2012. Tr. 23-45. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 38 years old and possessed an eighth grade education and vocational training as a certified nursing assistant ("CNA"). Tr. 28. She had past relevant work ("PRW") experience as a certified nursing assistant, hatchery worker, sanitation worker, sauce maker, and poultry dresser/deboner. Tr. 17-18, 30-32, 116-123.

On July 27, 2012, the ALJ found that Plaintiff's hypertension, obesity, degenerative disk disease ("DDD"), dysthymia, and panic disorder with agoraphobia were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 11-14. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform light work

> except she needs a sit/stand option. In addition, she needs a job which involves simple tasks and simple instructions and only incidental contact with the public.

Tr. 14. With the assistance of a vocational expert, the ALJ the concluded that Plaintiff could return to her PRW as poultry dresser/deboner. Tr. 17-18.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 13, 2013. Tr. 1-3. Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 13, 14.

## II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III. Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982). And, while the issue is not the existence of pain, the issue is whether the Plaintiff's experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The record reveals that Plaintiff . Cervicalgia with right arm radiculopathy and herniated disk in her lumbar spine. Although Plaintiff refused a work-up on her neck due to financial constraints, an MRI of her lumbar spine showed a left paracentral disc protrusion at the L3-4 level, a right paracentral disc protrusion with scarring in the right lateral recess, and post-laminectomy changes at L4-5 with a small recurrent disc protrusion. Tr. 216. X-rays also showed mild degenerative changes at the L4-5 and L5-S1 levels with a probable left L5 pars defect. Tr. 215.

On July 4, 2011, Dr. Sharon Keith reviewed Plaintiff's medical records and completed an RFC assessment. Tr. 221-228. She concluded that the Plaintiff could perform light work involving only occasional climbing ramps/stairs, balancing, stooping, kneeling, crouching, and

crawling, and never climbing ladder/rope/scaffolds. Further, Dr. Keith found Plaintiff should avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and hazards.

Without requesting an RFC from Plaintiff's treating doctor or referring Plaintiff for a consultative examination, the ALJ concluded that Plaintiff could perform light work with a sit/stand option. He made no mention of Dr. Keith's assessment, and failed to properly consider the financial impediments reported by Plaintiff and documented in the record. *See Osborne v. Barnhart,* 316 F.3d 809, 812 (8th Cir. 2003) (recognizing that a lack of funds may justify a failure to receive medical care); *Ness v. Sullivan,* 904 F.2d 432, 435 (8th Cir. 1990) ( ALJ must not substitute his opinions for those of the physician). Accordingly, we find that remand is necessary to allow the ALJ to properly consider the RFC assessment of Dr. Keith and to either obtain an RFC assessment from Plaintiff's treating doctor or order a consultative exam to further explore her diagnosis of cervicalgia with radiculopathy.

## IV. Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 18th day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)